**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

M. DIANE KOKEN, Insurance Commissioner
of the Commonwealth of Pennsylvania acting
in her official capacity as Statutory Liquidator
of Legion Insurance Company and
Villanova Insurance Company,

        Plaintiff,

v.                                        Case No. 3:05cv282/MCR

EMERALD HEALTHCARE, INC.,
PARTHENON HEALTHCARE, INC., and
DOES 1 through 10 inclusive,

        Defendants
_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION FOR ENTRY OF
DEFAULT JUDGMENT AGAINST DEFENDANT EMERALD HEALTHCARE, INC.**

      This cause is before the court on the "Corrected Motion for Entry of Default Judgment Against Defendant Emerald Healthcare, Inc." filed by plaintiff M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania ("the Commissioner"), pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Doc. 20).

**Background**

      The Commissioner filed the instant civil action based on diversity jurisdiction on July 25, 2005. (Doc. 1). In the complaint the Commissioner identifies herself as a citizen of Pennsylvania and the defendants, Emerald Healthcare, Inc., and Parthenon Healthcare,

Inc., as Florida corporations which reside or do business in this judicial district. According to the allegations of the complaint, both defendants entered into contracts with two insurance companies for which the Commisioner is authorized to serve as liquidator, Legion Insurance Company and Villanova Insurance Company (together, "Legion"). More specifically, Legion provided workers' compensation insurance coverage to defendants in consideration for premium and other payments. The Commissioner, alleging that defendants have failed to make payments in accordance with the terms of their agreements with Legion, asserts claims for breach of contract and unjust enrichment. She also makes a demand for an accounting of the records held by defendants to reveal the precise amounts due to Legion. In her prayer for relief, the Commissioner seeks recovery of an amount in excess of $75,000, as well as attorneys' fees and costs. She also seeks injunctive relief in the form of an order requiring defendants to produce or give her access to all relevant documents needed to confirm amounts owed on the contracts and to disclose where any such funds are being held.

Emerald Healthcare, Inc., failed to file a responsive pleading or otherwise defend in this action, and thus the clerk of court entered default against this defendant on December 9, 2005. (Doc. 10). The Commissioner filed the instant motion for default judgment against Emerald Healthcare, Inc., along with a memorandum of law and affidavit in support, on March 8, 2006. (Doc. 20). In her motion the Commissioner seeks a judgment for liability only at this time, stating that at the trial for co-defendant Parthenon Healthcare, Inc., she will seek an assessment of damages against Emerald Healthcare, Inc.

**Discussion**

By its default, a party admits the allegations of fact in the complaint. See <u>Nishimatsu Construction Co., LTD v. Houston National Banks</u>, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) (<u>en banc</u>), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

Such default does not, however, automatically warrant an entry of judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. See id. "There must be a sufficient basis in the pleadings for the judgment entered." Id. "In short . . . a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Id.

In the case at bar, based on the allegations of the complaint as set forth above, the court concludes that a sufficient basis exists in the pleadings to support liability for the claims the Commissioner alleges against Emerald Healthcare, Inc. Accordingly, the Commissioner's motion is granted, and the clerk shall be directed to enter judgment in her favor as to liability only.

Accordingly, it is ORDERED:

1. The "Corrected Motion for Entry of Default Judgment Against Defendant Emerald Healthcare, Inc." filed by plaintiff M. Diane Koken (doc. 20) is GRANTED.

2. The clerk is directed to enter default judgment as to liability only in favor of plaintiff M. Diane Koken against defendant Emerald Healthcare, Inc.

**DONE and ORDERED** this 13th day of March, 2006.

    s/ *M. Casey Rodgers*
   **M. CASEY RODGERS**
   **UNITED STATES DISTRICT JUDGE**